# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TROY NELL BRANDOM,

Defendant-Appellant.

UNPUBLISHED
January 26, 2017

No. 329071
Wayne Circuit Court
LC No. 15-003073-01-FC

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of receiving and concealing stolen property valued at $1,000 or more, but less than $20,000. MCL 750.535(3)(a). He was sentenced as a fourth habitual offender, MCL 769.12, to 46 months to 20 years in prison. He now appeals and we affirm.

Defendant challenges on appeal whether he was properly convicted under MCL 750.535(a) because the prosecutor also charged him in the alternative under MCL 750.535(7), which provides in pertinent part as follows:

> A person who is charged with, convicted of, or punished for a violation of this subsection shall not be convicted of or punished for a violation of another provision of this section arising from the purchase, receipt, possession, concealment, or aiding in the concealment of the same motor vehicle. This subsection does not prohibit the person from being charged, convicted, or punished under any other applicable law.

Defendant argues that because he was "charged with" a violation of MCL 750.535(7), he could not be convicted of a violation of MCL 750.535(3)(a) because both charges involved the same motor vehicle. The prosecutor argued, and the trial court agreed, that the above provision does not preclude charging the two offenses in the alternative. While we do not necessarily disagree with defendant's interpretation of the statute, we conclude that, under the procedural posture of this case, he is not entitled to relief.

Defendant did not raise this issue in the trial court until after he was convicted, sentenced, and filed his claim of appeal. And then his motion sought to vacate his conviction under MCR

-1-

6.429.  But that court rule does not provide for vacating a conviction; rather, it provides a mechanism for correcting an invalid sentence.[1]  Because this was not properly raised in the trial court, our review is limited to plain error affecting defendant's substantial rights.  *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).  Among other requirements, to establish plain error the defendant must establish prejudice.  *Id.*  Moreover, even when plain error is established, reversal is warranted only if the error resulted in the conviction of an actually innocent defendant or the error seriously affected the integrity, fairness or public reputation of the proceedings.  *Id.*  Defendant is unable to establish either of these requirements in this case.

Had defendant raised this issue in a timely manner, the issue could easily have been resolved by only allowing one of the two charges under MCL 750.535 to be submitted to the jury.  That is, the only potential prejudice to defendant is caused by defendant's failure to raise the issue in a timely manner.  And, in our view, the only negative effect on the fairness, integrity or reputation of the proceedings would be to allow defendant to harbor the error as an appellate parachute to provide a mechanism to raise the issue after conviction in order to have his conviction set aside and, as defendant argues in a later issue, prevent his retrial under a double-jeopardy argument.

Defendant also argues that he was denied the effective assistance of counsel because of counsel's failure to raise this issue at trial.  Defendant's argument in this respect is rather telling—he argues that trial counsel was ineffective for not raising the issue *at sentencing*.  That is, defendant's objection to counsel's performance lies only in counsel not assisting in the creation of defendant's appellate parachute.  As noted above, had counsel raised the issue in a timely manner, only one charge would have been submitted to the jury and defendant would have been convicted of that charge.[2]  Thus, under defendant's reasoning, the only way for trial counsel to have been "effective" would have been to fail to raise the issue in a timely manner, to harbor error, and to pull the cord on defendant's appellate parachute at sentencing.

In order to establish ineffective assistance of counsel, a defendant must show that counsel's actions were objectively unreasonable or that, without counsel's unprofessional errors, the outcome would likely have been different.  *People v Vaughn*, 491 Mich 642, 674; 821 NW2d 288 (2012).  We are not persuaded that counsel's failure to harbor error and then raise an issue in an untimely manner is either unreasonable or unprofessional.  Indeed, intentionally harboring error and then raising it would be unreasonable and unprofessional.  We can only fault counsel for not raising the issue in a *timely* manner, which should have resulted in only one count being

---

[1] It is not clear to us why defendant presented his motion under MCR 6.429.  We suspect that perhaps it was because a motion to correct an invalid sentence is one which a trial court may entertain even after the claim of appeal has been filed.  MCR 7.208(A) and (B).

[2] Defendant makes no argument that the stolen property involved was a motor vehicle.  Indeed, if there is any basis for the jury to conclude that the stolen property was anything other than a motor vehicle, then defendant's entire argument that he could not be properly charged with both offenses must of necessity fail.

submitted to the jury. But that would, nevertheless have resulted in conviction; therefore, even without this error, the result would not have been different.

Because of our resolution of these issues, we need not address defendant's argument that double jeopardy precludes retrial.

Affirmed.

/s/ David H. Sawyer
/s/ Henry William Saad